```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

JASON SCHWARZ, an individual,

           Plaintiff,

vs.                              Case No.   2:13-cv-562-FtM-29UAM

RODNEY TOMLINSON. an individual; GEORGE B. SAPP, an individual; MARTA VILLACORTA, an individual; and JANENE MCLAUGHLIN, an individual,

           Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss the Complaint (Doc. #14) filed on September 23, 2013. Plaintiff filed a Response (Doc. #19) on October 23, 2013. For the reasons set forth below, the motion to dismiss is granted.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## II.

The material facts alleged in the Complaint are as follows:

Plaintiff Jason Schwarz (plaintiff or Schwarz) was hired by the Florida Department of Corrections (FDOC) as a correctional officer in 2002. Plaintiff was assigned to Charlotte Correctional

Institution and remained there until his termination on June 20, 2010.

On February 26, 2010, plaintiff was involved in an incident with an inmate which led to an investigation regarding the use of excessive force against that inmate by plaintiff and others. The investigation was conducted by defendant Janene McLaughlin, under the direction of defendants Rodney Tomlinson, George Sapp, and Marta Villacorta. On or about June 30, 2010, plaintiff was informed, without warning or an opportunity to be heard, that he was being extraordinarily terminated effective immediately.[1] The FDOC ceased paying plaintiff as of the same date.

Following his termination, plaintiff filed a timely notice of appeal with the Florida Public Employees Relation Commission (PERC). PERC conducted a full post-termination evidentiary hearing that spanned nearly seven days. PERC ultimately ruled that the incident with the inmate did not justify plaintiff's extraordinary dismissal, and ordered that plaintiff be reinstated with back pay. Because plaintiff had accessed his state retirement funds on October 1, 2010, while the PERC appeal was pending, he had

---

[1] Under Florida Statute § 110.227(5)(b), a career service employee, such as plaintiff, may be suspended or dismissed in extraordinary situations "without 10 days' prior notice, provided that written or oral notice of such action, evidence of the reasons therefor, and an opportunity to rebut the charges are furnished to the employee prior to such dismissal or suspension." The statute further provides that "[a]gency compliance with the foregoing procedure requiring notice, evidence, and an opportunity for rebuttal must be substantiated." Id.

effectively "retired" as of that date. Therefore, PERC was able to "reinstate" plaintiff only until the date he accessed his retirement funds, and his "retirement" precluded re-employment with the FDOC.

Plaintiff's four-count Complaint (Doc. #1) sets forth virtually identical counts under 42 U.S.C. § 1983 against each of the four defendants in their individual capacities. Defendants move to dismiss the Complaint on three separate grounds. First, defendants assert that as a matter of law plaintiff cannot state a claim for denial of procedural due process because the available state procedures were adequate to remedy any procedural deficiencies. Second, defendants contend that they are entitled to qualified immunity. Finally, defendants contend that the allegations in the complaint are insufficient to provide each defendant with notice as to the claims.

### III.

The Complaint asserts that the action is brought under 42 U.S.C. § 1983 for "deprivation of due process rights in violation of 42 U.S. C. § 1983." (Doc. #1, ¶ 1.) The caption of each of the four counts alleges the count is for a "violation of 42 U.S.C. § 1983" against one of the four defendants. However, "§ 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94 (1989) (internal quotation omitted).

"To succeed, a section 1983 plaintiff must show a violation of a right secured by federal law." Skinner v. City of Miami, Fla., 62 F.3d 344, 347 (11th Cir. 1995).

While it appears that the counts are intended to assert a violation of federal due process rights, this is not what was actually pled. Each count asserts that plaintiff possessed a constitutionally protected property interest in his continued employment with the FDOC (Doc. #1, ¶¶ 53, 61, 69, 77), but then alleges that defendants' actions violated clearly established rights secured by "§ 1983, Florida Statutes and the Florida Administrative Code" (Id. ¶¶ 55, 63, 71, 79). Plaintiff further alleges that defendants were aware the conduct "was likely in violation of State law and regulation" (Id. ¶¶ 57, 65, 73, 81), and that defendants were intentionally engaging in violations of plaintiff's "rights under State law" (Id. ¶¶ 58, 66, 74, 82). A cause of action filed pursuant to § 1983 cannot seek to vindicate state law rights, but only "a right secured by federal law," Skinner, 62 F.3d at 347, and § 1983 is not a source of substantive federal rights. It appears that plaintiff's theory is that he had a property interest in his continued state employment, and that Tomlinson, in collusion with Sapp, Villacorta, and McClaughlin, violated his federal constitutional right to procedural due process by extraordinarily terminating him without a predisciplinary conference. If so, none of the four counts are sufficiently pled.

The Due Process Clause of the Fourteenth Amendment provides that a state shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.  The Due Process Clause provides two different kinds of constitutional protections: procedural due process and substantive due process. McKinney v. Pate, 20 F.3d 1550, 1555 (11th Cir. 1994) (en banc).  "A violation of either of these two kinds of protection may form the basis for a suit under § 1983."  Maddox v. Stephens, 727 F.3d 1109, 1118 (11th Cir. 2013) (citing McKinney, 20 F.3d at 1555).

For the most part, it does not appear that the Complaint attempts to assert a substantive due process claim.  "[S]ubstantive rights . . . created only by state law (as is the case with tort law and employment law) are not subject to substantive due process protection under the Due Process Clause because 'substantive due process rights are created only by the Constitution.'" McKinney, 20 F.3d at 1556 (quoting Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 229 (1985) (Powell, J., concurring)).

To state a claim for the denial of property without procedural due process of law, the plaintiff must allege (1) deprivation of a constitutionally protected liberty or property interest; (2) state action; (3) and constitutionally inadequate process.  J.R. v. Hansen, ___ F.3d ___ (11th Cir. 2013); Miccosukee Tribe of Indians v. United States, 716 F.3d 535, 559 (11th Cir. 2013).  Thus, "[i]n

assessing a claim based on an alleged denial of procedural due process a court must first decide whether the complaining party has been deprived of a constitutionally protected liberty or property interest.  Absent such a deprivation, there can be no denial of due process." Econ. Dev. Corp. of Dade Cnty., Inc. v. Stierheim, 782 F.2d 952, 953-54 (11th Cir. 1986).

Additionally, a claim for denial of procedural due process is actionable under § 1983 "only when the state refuses to provide a process sufficient to remedy the procedural deprivation." McKinney, 20 F.3d at 1557.  "It is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim." Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir. 2000) (citations omitted).  "[P]rocedural due process violations do not even exist unless no adequate state remedies are available." Cotton, 216 F.3d at 1331 n.2.  "[T]he mere failure to follow state procedures does not necessarily rise to the level of a violation of federal procedural due process rights." See Harris v. Birmingham Bd. of Educ., 817 F.2d 1525, 1528 (11th Cir. 1987) ("[W]e emphasize that the violation of a state statute outlining procedure does not necessarily equate to a due process violation under the federal constitution. If otherwise, federal courts would have the task of insuring strict compliance

with state procedural regulations and statutes."); Maddox, 727 F.3d at 1124 n.15.

The court must look to whether the available state procedures were adequate to correct the alleged procedural deficiencies. Cotton, 216 F.3d at 1331 (citing McKinney, 20 F.3d at 1563).  The state procedure need not provide all of the relief available under § 1983, but must be able to correct whatever deficiencies exist and provide the plaintiff with whatever process is due. Id.; Hansen, __ F.3d at ___.  However, "due process is a flexible concept that varies with the particular circumstances of each case, and to determine the requirements of due process in a particular situation, [a court] must apply the balancing test articulated in Mathews v. Eldridge, 424 U.S. 319 (1976)." Grayden v. Rhodes, 345 F.3d 1225, 1232-33 (11th Cir. 2003).  According to the Mathews balancing test, "due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335.

While the four counts do not sufficiently allege a federal violation, plaintiff seeks leave to file an amended complaint. That request will be granted, and the Court need not address the other two issues raised by defendants.

Accordingly, it is now

**ORDERED**:

Defendants' Motion to Dismiss the Complaint (Doc. #14) is **GRANTED**. The Complaint is **DISMISSED WITHOUT PREJUDICE** and with leave to file an amended complaint within **FOURTEEN (14) DAYS** of the filing of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of December, 2013.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record