UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JASON SCHWARZ, an individual,

    Plaintiff,

vs.                                      Case No.   2:13-cv-562-FtM-29DNF

RODNEY TOMLINSON, an individual;
GEORGE B. SAPP, an individual; MARTA
VILLACORTA, an individual; and
JANENE MCLAUGHLIN, an individual,

    Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Change Venue (Doc. #17) filed on October 15, 2013.  Plaintiff's Response (Doc. #18) in opposition was filed on October 17, 2013.

Defendants seek to transfer venue in this case to the Northern District of Florida pursuant to 28 U.S.C. § 1040(a).  While there is no such statute, 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  A "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations," and a transfer that would only shift inconvenience from the defendants to the plaintiff does not outweigh the plaintiff's choice for Section 1404(a) purposes.  Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (quotation marks omitted).  It is the movant's burden to persuade the Court that a transfer should be granted.

See In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989); Time, Inc. v. Manning, 366 F.2d 690, 698 (5th Cir. 1966).[1]

While the Northern District of Florida is a district where this case might have been brought, the parties have not consented to such a transfer and a transfer would not be in the interests of justice or substantially more convenient to the parties or witnesses.  Such a change of venue would benefit only two of the four defendants, and would prejudice plaintiff.  The underlying events occurred in the Middle District of Florida at a time when all defendants were residents of this district.  Changing venue would simply shift the inconvenience to plaintiff (and two of four defendants), and defendants have not convinced the Court that either the interests of justice or convenience to them or witnesses justify a transfer of venue away from plaintiff's properly chosen venue.

Accordingly, it is now

**ORDERED**:

Defendants' Motion to Change Venue (Doc. #17) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   5th   day of December, 2013.

*/s/ John E. Steele*
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.