UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JASON SCHWARZ,

    Plaintiff,

v.                                    Case No: 2:13-cv-562-FtM-29CM

RODNEY TOMLINSON, an individual, GEORGE B. SAPP, an individual, MARTA VILLACORTA, an individual, and JANENE MCLAUGHLIN, an individual,

    Defendants.

**OPINION AND ORDER**

This matter comes before the Court on review of defendants' Motion to Dismiss the Amended Complaint (Doc. #31) filed on January 15, 2014. Plaintiff filed a Response to Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. #33) on January 29, 2014. For the reasons stated below, the motion is granted.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). The Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## II.

Plaintiff Jason Schwarz (plaintiff) initiated this action by filing a four-count complaint against Rodney Tomlinson, George Sapp, Marta Villacorta, and Janene McLaughlin (collectively, "defendants"). (Doc. #1.) The initial complaint was dismissed for pleading deficiencies. (Doc. #23.)

2

On December 18, 2013, plaintiff filed a four-count amended complaint setting forth a virtually identical count under 42 U.S.C. § 1983 against each of the four defendants in their individual capacities. (Doc. #27.) The Amended Complaint asserts that defendants violated plaintiff's Fourteenth Amendment right to procedural due process by extraordinarily terminating him without a pre-disciplinary conference. (Id.) In support thereof, plaintiff alleges the following:

Plaintiff was hired by the Florida Department of Corrections (FDOC) as a correctional officer in 2002. Plaintiff was assigned to Charlotte Correctional Institution and remained there until his termination on June 20, 2010.

On February 26, 2010, plaintiff was involved in an incident with an inmate which led to an investigation regarding the use of excessive force against that inmate by plaintiff and others. The investigation was conducted by defendant Janene McLaughlin, under the direction of defendants Rodney Tomlinson, George Sapp, and Marta Villacorta. On or about June 30, 2010, plaintiff was informed, without warning or an opportunity to be heard, that his employment was being extraordinarily terminated, effective immediately. The FDOC ceased paying plaintiff as of the same date.

Following his termination, plaintiff filed a timely notice of appeal with the Florida Public Employees Relation Commission

3

(PERC). PERC conducted a full post-termination evidentiary hearing that spanned nearly seven days. PERC ultimately ruled that the incident with the inmate did not justify plaintiff's extraordinary dismissal, and ordered that plaintiff be reinstated with back pay. While the PERC appeal had been pending, plaintiff accessed his state retirement funds. Under Florida law, this meant he had effectively "retired" as of that date. Therefore, PERC was able to reinstate plaintiff only until the date of his "retirement," which precluded re-employment with the FDOC.

### III.

Defendants assert that the Amended Complaint should be dismissed for failure to state a claim because the state provided plaintiff with an adequate post-deprivation procedure. (Doc. #31, pp. 3-4.) Defendants also assert that they are entitled to qualified immunity, and contend that the allegations in the Amended Complaint are insufficient to provide defendants with adequate notice of the claims. (Id.)

**A.    Plaintiff's § 1983 Claims**

To state a claim under § 1983, a plaintiff must allege "(1) that the defendant deprived [the plaintiff] of a right secured under the Constitution or federal law and (2) that such deprivation occurred under color of state law." Arrington v. Cobb Cnty., 139 F.3d 865, 872 (11th Cir. 1998). Here, plaintiff asserts that

4

defendants deprived him of his constitutional right to procedural due process under the Due Process Clause of the Fourteenth Amendment, U.S. Const. amend. XIV, § 1. To state a § 1983 claim for the denial of procedural due process, a plaintiff must allege (1) a deprivation of a constitutionally protected property or liberty interest; (2) state action; (3) and constitutionally inadequate process. J.R. v. Hansen, 736 F.3d 959, 965 (11th Cir. 2013); Miccosukee Tribe of Indians v. United States, 716 F.3d 535, 559 (11th Cir. 2013). Defendants do not challenge that the deprivation occurred under color of state law, that plaintiff had a property interest in his employment, or that there was state action. Therefore, for purposes of the motion to dismiss, the Court assumes these matters are properly pled.

**B.   Constitutionally Inadequate Process**

The focus of the motion to dismiss is the third element of a procedural due process claim – that plaintiff was provided with a constitutionally inadequate process. Plaintiff asserts that the procedural due process violation was complete upon his extraordinary termination, which had not given him notice or the opportunity to be heard. The subsequent process before the PERC, plaintiff asserts, was irrelevant and/or inadequate.

It is certainly true that as a general matter due process requires notice and an opportunity to be heard before a person may

5

be deprived of property. <u>Cleveland Bd. of Educ. v. Loudermill</u>, 470 U.S. 532, 542 (1985); <u>Gilbert v. Homar</u>, 520 U.S. 924, 929 (1997). However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984)). The state's action is not complete "until and unless it provides or refuses to provide a suitable postdeprivation remedy." <u>Hudson</u>, 468 U.S. at 533. Thus, a claim for denial of procedural due process is actionable under § 1983 "only when the state refuses to provide a process sufficient to remedy the procedural deprivation." <u>McKinney v. Pate</u>, 20 F.3d 1550, 1557 (11th Cir.1994) (en banc). "It is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim." <u>Cotton v. Jackson</u>, 216 F.3d 1328, 1331 (11th Cir. 2000) (citations omitted). "[P]rocedural due process violations do not even exist unless no adequate state remedies are available." <u>Cotton</u>, 216 F.3d at 1331 n.2.[1]

---

[1] The Eleventh Circuit has repeatedly held that a procedural due process claim can exist only if no adequate state remedies are available. See <u>Reams v. Irvin</u>, 561 F.3d 1258, 1266–67 (11th Cir. 2009) ("Because we conclude that available state remedies were adequate to cure any erroneous deprivation of [the plaintiff's]

6

The Court, in determining whether plaintiff has stated a valid procedural due process claim, must therefore "look to whether the available state procedures were adequate to correct the alleged procedural deficiencies." Cotton, 216 F.3d at 1331. The state procedure need not provide all of the relief available under § 1983, but must be able to correct whatever deficiencies exist and provide the plaintiff with whatever process is due.[2]  Id.

Florida law provides that a career service employee, such as plaintiff, may appeal an extraordinary termination to PERC. Fla. Stat. § 110.227(5)(b). If an employee appeals, PERC is required to conduct a hearing within 60 calendar days following the filing of a notice of appeal in order to determine if the agency's action

---

protected interest in her equines, [the plaintiff] has failed to establish that her procedural due process rights were violated"); Foxy Lady, Inc. v. City of Atlanta, 347 F.3d 1232, 1238 (11th Cir. 2003) ("[E]ven if a procedural deprivation exists . . . such a claim will not be cognizable under § 1983 if the state provides a means by which to remedy the alleged deprivation"); Horton v. Bd. of Cnty. Comm'rs of Flagler Cnty., 202 F.3d 1297, 1300 (11th Cir. 2000) (no federal procedural due process violation if state courts "generally would provide an adequate remedy for the procedural deprivation the federal court plaintiff claims to have suffered"); Bell v. City of Demopolis, 86 F.3d 191, 192 (11th Cir. 1996) (affirming district court's dismissal of procedural due process in employment discrimination context because "Alabama has available a satisfactory means by which [the plaintiff] can seek redress for any procedural due process deprivation").

[2]Although a plaintiff may seek compensatory damages in a procedural due process case, the remedy is generally equitable in nature, such as reinstatement and a properly conducted hearing. McKinney, 20 F.3d at 1557.

7

was supported by cause. Fla. Stat. § 110.227(6). "If the commission [PERC] finds that cause did not exist for the agency action, the commission shall reverse the decision of the agency head and the employee shall be reinstated with or without back pay." Fla. Stat. § 110.227(6)(c). Florida law further provides that final orders issued by PERC may be reviewed by a district court of appeals. Fla. Stat. § 110.227(6)(3); Fla. Stat. § 447.504. In this matter, plaintiff filed a timely notice of appeal with PERC, a full evidentiary hearing was conducted, and plaintiff was reinstated with back pay, but only through the date of his retirement. (Doc. #27, ¶¶ 28-42.) Florida law also provided plaintiff with the opportunity to appeal the employment termination decision to a district court of appeals, which, in this circuit, qualifies as an adequate post-deprivation remedy. Autery v. Davis, 355 F. App'x 253, 255 (11th Cir. 2009) (citing McKinney, 20 F.3d at 1563).

Plaintiff contends, however, that the available state remedies were inadequate because PERC lacks the statutory authority to award compensatory damages or punitive damages or to order back pay for the time subsequent to plaintiff's retirement. It is clear that compensatory damages and punitive damages are available under § 1983 but may not be awarded by PERC. Healy v. Pembroke Park, 831 F.2d 989 (11th Cir. 1987). In Healy, the

8

plaintiffs alleged that they were terminated in violation of the First Amendment and sought relief in the form of compensatory and punitive damages pursuant to § 1983. The district court, in denying the requested relief, found that the issue of damages was resolved during the proceedings before PERC. Id. at 991. The Eleventh Circuit, in reversing the district court, held that the plaintiffs could seek additional damages in a federal civil rights action because PERC lacked the power to award compensatory damages. Id. at 993-994. Healy did not address whether the differences in remedies rendered the state process inadequate under a procedural due process claim.

   The Supreme Court has held that a state's remedial procedure is adequate as long as the remedy "could have fully compensated the [employee] for the property loss he suffered." Parratt v. Taylor, 451 U.S. 527, 544 (1981), overruled in part by Daniels v. Williams, 474 U.S. 327 (1986). The state's remedial procedure need not provide compensatory and punitive damages to be adequate. McKinney, 20 F.3d at 1564. Because PERC can reinstate an employee with back pay, Fla. Stat. § 110.227(6)(c), it could have fully compensated plaintiff for the property loss he suffered had plaintiff not precluded his reemployment with the state by accessing his retirement funds. The Court therefore concludes

9

that plaintiff has failed to state a procedural due process claim and need not address defendant's other arguments.

Accordingly, it is now

**ORDERED:**

1.   Defendant's Motion to Dismiss the Amended Complaint (Doc. #31) is **GRANTED** and the Amended Complaint is **dismissed with prejudice**.

2.   The Clerk shall enter judgment accordingly, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __19th__ day of August, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record